UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION


FILED
JUL 28 2022
[signature] CLERK

| | |
|---|---|
| ELNORA DELCID,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BURGER KING LLC, SARAH L. GOODMAN, Employee; CLAYTON A. BLANKENFELD, Mgts; BRANDON J. BLANKENFELD, Mgts; KENNETH WELLS ALEXANDER, Employee; BRIAN M. DUPREE, Mgts; RALPH W. HOUSH, Mgts; TERRY TRIPP, Employee; GARY L. WOODWARD, Employee; MATT CARPENTER, Mgts; BETH M. HUDDLESTON, Employee; and SHIRLEY SCHMIDT,<br><br>　　　　　Defendants. | 5:22-CV-05052-CBK<br><br><br>ORDER |

　　Plaintiff filed a *pro se* complaint and an application to proceed without the prepayment of fees. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

　　The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 200) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fees at any time if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

　　I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

Plaintiff, who resides in Virginia, filed a *pro se* form complaint alleging that defendant Matt Carpenter assaulted her, called her names, including racists names, and tried to rape her while she was in a bedroom (sic). She attached a type-written 2018 report of on interview in a matter entitled Delcid v. Cave Enterprise Operations wherein it was reported by "CP" that her manager assaulted her in the women's bathroom.

Plaintiff previously filed a federal civil complaint entitled <u>Delcid Elnora v. Burger King, LLC, et al.</u>, 5:20-cv-05033-JLV, which was liberally construed to allege jurisdiction under 28 U.S.C. § 1331 and claims of sexual harassment and racial discrimination. The complaint in that matter alleged, *inter alia*, substantially the same claims – that defendant Matt Carpenter assaulted her in the bathroom and called her racist names. That matter was allowed to proceed upon initial review. Following service of process upon some defendants and subsequent motions to dismiss, the case was dismissed on September 20, 2021.

The prior lawsuit was dismissed <u>without prejudice</u> against defendants Burger King, LLC, Goodman, Housh, Carpenter, and Huddleston for lack of service of process. The lawsuit was dismissed against defendants Alexander, Dupree, Tripp, and Woodward <u>with prejudice</u> for failure to state a claim. Defendants Clayton Blankenfeld, Brandon Blankenfeld, and Shirley Schmidt were not defendants in the previous suit.

Plaintiff appealed the dismissal of 5:20-cv-05033-JLV to the United States Court of Appeals for the Eighth Circuit, Court of Appeals Docket # 21-3686. The appeal was dismissed as untimely on December 22, 2021. Plaintiff's subsequent motion to reopen the appeal was denied on January 19, 2022.

Plaintiff supplemented her complaint in this case with a letter from the Federal Trade Commission, copies of plaintiff's medical records, documents from Virginia Fair Housing Office[1], copies of correspondence she sent to and received from the Eighth

---

[1] On December 17, 2021, Elnora Delcid filed a civil rights complaint in the United States District Court for the Eastern District of Virginia, 3:21-cv-00783-DJN, concerning a claim that, in July 2019 and thereafter, her landlord discriminated against her. She was directed to file a more particularized complaint in compliance with Fed. R. Civ. P. 8. Her complaint was dismissed with prejudice for failing to do so. Her motions to reopen the case were denied and she was advised to stop her "conduct in repeatedly contacting the Clerk's office and moving for relief in her case, which the Court closed as of February 17, 2022," and her conduct "is inappropriate and vexatious. The

Circuit Court of Appeals concerning her prior appeal, copies of letters she sent to the District of South Dakota Clerk of Court and addressed to "Judge" concerning her prior federal case, and copies of documents and letters she submitted to or received from the United States Supreme Court concerning an attempted filing of a petition for a writ of certiorari. None of the preceding documents elucidate at all the basis of her federal claim in this case.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. CO. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

Plaintiff's complaint shows that plaintiff's address is in the State of Virginia and defendant Burger King, LLC, is alleged to be a business located in Rapid City, South Dakota. Liberally construed, the complaint on its face raises the possibility that subject matter jurisdiction is premised on diversity as authorized by 28 U.S.C. § 1332. There is no other arguable basis for jurisdiction alleged in the complaint.

Jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiff and defendants and also requires that the matter in controversy exceeds $75,000. Nowhere in plaintiff's complaint is an amount in controversy alleged. Plaintiff does allude in the complaint that "they" sent her and the EEOC papers promising to give

---

continuation of such frivolous litigation conduct may result in sanctions such as a pre-filing injunction in this matter."

her money and that "they owe me that money because it was on paperwork." I take judicial notice that plaintiff attached to the previous federal complaint in this district a copy of correspondence from the EEOC and a proposed conciliation agreement offered in 2019, providing that employer Cave Enterprises agreed to pay plaintiff $5,000 in settlement of her sex discrimination and sexual harassment charges. Also attached to that complaint was a copy of a letter from the EEOC advising plaintiff that the EEOC had not received a signed and dated copy from plaintiff and the respondent withdrew the offer. That is the only document on file in either South Dakota district court case that could be construed as paperwork showing "they owe me that money." The proposed settlement amount was well below the $75,000 threshold for diversity jurisdiction.

"Federal Rule of Civil Procedure 8(a)(1) directs that a complaint shall set forth 'a short and plain statement of the grounds upon which the court's jurisdiction depends.' A complaint that does not contain an adequate statement of jurisdictional facts is 'fatally defective.'" Hutchins v. Homestead Sav., 5 F.3d 531 (8th Cir. 1993). Plaintiff's complaint fails to contain an adequate statement of jurisdictional facts and is fatally defective. Absent a basis for federal court jurisdiction, plaintiff's claims cannot be adjudicated in the United States District Court for the District of South Dakota.

There are a number of other infirmities in the complaint. Plaintiff has failed to state any claim against any defendant other than defendant Carpenter. There are no allegations of wrongdoing by any other person or entity. Even if diversity jurisdiction were properly alleged, plaintiff has failed to allege any state court cause of action upon which relief could be granted. Finally, plaintiff filed a form motion to appoint counsel but failed to provide any information other than to sign the form. That motion is wholly inadequate.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 4, for leave to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. This matter is dismissed for failure to state a claim without prejudice and without costs.

3. Plaintiff's motion, Doc. 5, for the appointment of counsel is denied.

4. This matter is closed. Plaintiff is directed to cease sending letters to or calling the Clerk of Courts for the District of South Dakota concerning her two closed federal cases.

DATED this 28th day of July, 2022.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge